UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TINERMALO TAU,

    Plaintiff,

    v.

F/V ST. JUDE, *et al.*,

    Defendants.

Case No. C05-0029L

ORDER GRANTING MOTION
FOR SUMMARY JUDGMENT

## I. INTRODUCTION

This matter comes before the Court on a motion for summary judgment filed by defendants Joseph and Joyce Malley (collectively, "defendants"). (Dkt. #12). Plaintiff was shot by one of defendants' employees aboard their fishing vessel, the F/V ST. JUDE. In his complaint, plaintiff asserted claims for unseaworthiness, maintenance and cure, and negligence both under the Jones Act and general maritime law.[1] In response to defendants' motion, plaintiff conceded that he was not a seaman, a fact that defeats his claims for unseaworthiness, maintenance and cure, and under the Jones Act. Plaintiff continues to assert a claim for common law negligence, and also asserts a new claim based on strict liability.

---

[1] Plaintiff alleges the same claims *in rem* against the vessel. Because he has never sought to arrest the vessel, he has not effected service against it. Regardless, plaintiff has abandoned his claims against the vessel.

ORDER GRANTING MOTION
FOR SUMMARY JUDGMENT - 1

1   For the reasons set forth below, the Court grants defendants' motion for summary
2 judgment.

## II.  DISCUSSION

**A.   Background Facts.**

Defendants hired Thomas (Tony) Griese and Nuu Lemapu, plaintiff's cousin, to work on their tuna fishing vessel, the F/V ST. JUDE, while it was "laid up" for repairs and moored at Seattle's Fisherman's Terminal.  Both men requested to stay on the boat, and defendants permitted them to do so.  Towards the end of April 2004, Lemapu allowed plaintiff to stay on the boat.  Plaintiff alleges that he asked Mr. Malley if he could stay and work on the boat, and Mr. Malley agreed.  Mr. Malley disputes that allegation and contends that he was not aware that plaintiff was staying on the boat.

Plaintiff moved off the vessel on May 4, 2004.  Late in the evening on May 5, 2004, plaintiff was on board with Griese, Lemapu, and two other individuals, and Griese was drinking heavily.  Although the details are unclear, Griese shot plaintiff with a .22 caliber gun several times.  Plaintiff survived his injuries.  Griese pled guilty to assault in the first degree and is currently serving a prison sentence.

**B.   Summary Judgment Standard.**

On a motion for summary judgment, the Court must "view the evidence in the light most favorable to the nonmoving party and determine whether there are any genuine issues of material fact . . . ."  Holley v. Crank, 386 F.3d 1248, 1255 (9th Cir. 2004).  All reasonable inferences supported by the evidence are to be drawn in favor of the nonmoving party.  See Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1061 (9th Cir. 2002).  "[I]f a rational trier of fact might resolve the issues in favor of the nonmoving party, summary judgment must be denied."  T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 631 (9th Cir. 1987).

**C.   Analysis.**

As an initial matter, the Court assumes without deciding that plaintiff was an invitee

ORDER GRANTING MOTION
FOR SUMMARY JUDGMENT - 2

rather than a trespasser at the time of the assault. Plaintiff alleges that defendants are strictly liable for his injuries because vessel owners owe the same duty of care to invitees as passengers, and they are strictly liable for injuries to passengers. However, the authority plaintiff cites shows that vessel owners owe a duty of reasonable care to visitors, invitees, and passengers. See Kermarec v. Compagnie Generale Transatlantique, 358 U.S. 625, 632 (1959) (holding that vessel owner owed a duty of reasonable care under the circumstances to guest of employee). Some courts have held that common carriers may be subject to strict liability when a crew member assaults a passenger. See, e.g., Morton v. DeOliveira, 984 F.2d 289 (9th Cir. 1993); Doe v. Celebrity Cruises, Inc., 394 F.3d 891 (11th Cir. 2004). As the Doe court explained, the heightened duty is premised on the common carrier–passenger relationship and the attendant "implied duty of protection." Doe, 394 F.3d at 907. In this case, plaintiff was not a passenger and the F/V ST. JUDE was not a common carrier. Plaintiff cites no authority in support of extending strict liability to vessel owners who are not common carriers and harms to victims who are not passengers. Indeed, the rationale behind the heightened duty for the protection of passengers simply does not apply in this situation. Accordingly, the proper standard of care is ordinary negligence, not strict liability.

Plaintiff alleges that defendants are liable even under a general negligence theory because they failed to provide a safe environment on the vessel. Plaintiff contends that Mr. Malley knew that Griese drank excessively and used drugs on the boat. Even if Mr. Malley was aware of those facts, which is far from clear, plaintiff has not shown negligence. It is undisputed that Mr. Malley had no knowledge that Griese had been violent in the past or had violent tendencies, and no knowledge that he possessed a gun. Plaintiff has presented no evidence to suggest that defendants had notice, constructive or otherwise, that Griese's substance use would result in a shipboard assault. Although plaintiff likens this situation to one in which an individual gives his car keys to a visibly intoxicated person, that analogy is inapposite. Griese was of legal age to drink, the vessel was grounded, and Mr. Malley did not supply the alcohol or the gun. In light

of these facts, plaintiff has not shown that Griese's assault on him was foreseeable or that defendants failed to exercise reasonable care under the circumstances.

### III. CONCLUSION

For all of the foregoing reasons, the Court GRANTS defendants' motion for summary judgment (Dkt. #12). The Clerk of the Court is directed to enter judgment in favor of defendants and against plaintiff.

DATED this 5th day of July, 2005.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge